UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:26-mj-7 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| SAMUEL ADAM MALACHI YEARGAN, | : | |
| Defendant. | : | |

## ORDER

This case is before the Court upon the Government's Motion for Order Authorizing Administration of TB Test (Doc. #7) and Defendant Samuel Yeargan's Objection to Government's Motion for Order Authorizing Administration of TB Test (Doc. #9).

On January 7, 2026, Defendant Yeargan appeared before the Court and was remanded to the custody of the United States Marshals Service (USMS) pending determination of his competency. He was placed at the Shelby County Jail, an entity that provides contract services for the USMS. The USMS requires all detainees in their custody to undergo a tuberculosis skin test to maintain the safety of inmates and staff. *See* USMS Policy Directive 9.42, *Prisoner Tuberculosis Screening* (Eff. Jan. 13, 2020).

The Government moves for an order authorizing administration of a tuberculosis skin test on Defendant Yeargan against his will, if necessary, for the purposes of determining whether he has contracted or been exposed to tuberculosis. (Doc. #7, *PageID* #22). Additionally, the Government "requests an order that, should Mr. Yeargan physically refuse to submit to the test, the United States Marshals Service and employees of the Shelby County Sheriff's Office shall be

permitted to take such reasonable steps, including reasonable physical restrain of the defendant, as may be necessary to administer the test." *Id.*

Defendant Yeargan opposes the Government's Motion. (Doc. #9). Defendant's stand-by counsel, who Defendant refuses to communicate with, asserts, "based on Mr. Yeargan's expressed concerns concerning government medical experimentation and implementation of various medical devices involving his person, it is clear that Mr. Yeargan does object to any invasive medical procedure, including this proposed TB test." *Id.* at 28. Moreover, counsel notes that Defendant has "expressed specific religious persecution," reporting during his competency evaluation, "I'm a blood born Christian, I believe it is retaliation, conservative Christian targeting. I'm filing a motion for conflict of interest against my attorney for religious reasons." *Id.* Counsel construes Defendant's objection to the tuberculosis test as rooted in First Amendment religious freedom. *Id.*

The Government bears of the burden of proving the necessity of the tuberculosis test. However, "[i]t is beyond dispute that tuberculosis represents a public health threat to both inmates and prison personnel." *Hasenmeier-McCarthy v. Rose*, 986 F. Supp. 464, 467 (S.D. Ohio 1998); *United States v. Dumonde*, No. 2:08-CR-173-LSC-TMP, 2008 WL 11391649, at *2 (N.D. Ala. Sept. 11, 2008) ("[T]here can be little question that tuberculosis presents a serious public health hazard that is especially dangerous in the institutional context."). To prevent the spread of tuberculosis—a highly contagious disease—and to protect inmates and staff, the Government has a compelling interest in screening prisoners for the disease. *See Darby v. Schuetzle*, No. 1:09-CV-004, 2009 WL 700631, at *5 (D.N.D. Mar. 13, 2009) ("there is widespread agreement that penal institutions have a compelling interest in stopping its spread") (collecting cases).

Insofar as Defendant asserts that his First Amendment right to religious freedom is implicated by the testing, "that right must yield to the compelling interest the [USMS] has in

preventing the spread of a serious disease among its inmate population." *Dumonde*, No. 2:08-CR-173-LSC-TMP, 2008 WL 11391649, at *2.  Indeed, courts have held that the involuntary administration of tuberculosis testing does not offend the Constitution.  *See Darby*, No. 1:09-CV-004, 2009 WL 700631, at *6 (citations omitted); *Hasenmeier-McCarthy*, 986 F. Supp. at 468; *Dunn v. Zenk*, No. CIV.A. 107CV2007-RLV, 2007 WL 2904170, at *3 (N.D. Ga. Oct. 1, 2007); *Stevens v. Cain*, No. CV 14-204-JWD-RLB, 2017 WL 2389978, at *5 (M.D. La. May 23, 2017), *report and recommendation adopted,* 2017 WL 2385333 (M.D. La. June 1, 2017) ("while the plaintiff's First Amendment free exercise rights might be substantially burdened by forced T.B. testing, it is widely accepted that the prison has a compelling interest in preventing the spread of tuberculosis ….").

Based on the foregoing, the Government's Motion for Order Authorizing Administration of TB Test (Doc. #7) is hereby **GRANTED**.  Accordingly, the United States Marshals Service and/or Shelby County Sheriff's Office employees are hereby authorized to administer a tuberculosis test on Defendant Yeargan, against Defendant's will, if necessary, for the purpose of determining whether he has contracted or been exposed to tuberculosis.  In the event Defendant Yeargan physically refuses to submit to the test, the United States Marshals Service and/or Shelby County Sheriff's Office employees shall take such reasonable steps, including physical restraint of Defendant, as may be necessary to administer the test.

    **IT IS SO ORDERED.**


January 14, 2026                                        *s/Peter B. Silvain, Jr.*
                                                                         Peter B. Silvain, Jr.
                                                                         United States Magistrate Judge